IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.                                                                   Case No. 2:16-cv-06186

JEFF SESSIONS, U.S. Attorney General,[1]
STEPHEN M. HORN, U.S. Attorney, and
DEPARTMENT OF JUSTICE,

    Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff, Timothy Young's (hereinafter "Young"), Amended Complaint [ECF Nos. 1 and 7] and his Motion for Preliminary Injunction [ECF No. 30]. Young also filed numerous exhibits and appendices in support of his Amended Complaint [ECF Nos. 18, 22, 28 and 29]. Young has not paid the applicable $400 filing fee or filed an Application to Proceed Without Prepayment of Fees and Costs (also known as an Application to Proceed *in forma pauperis*). This matter is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636. For reasons appearing to the court, the referral of this matter to the Magistrate Judge is **WITHDRAWN**.

---

[1] On June 27, 2018, Young filed an Amended Complaint [ECF No. 7] substituting Jeff Sessions, then United States Attorney General, in place of Loretta Lynch. Because this matter is now proceeding on the Amended Complaint, which is permitted because service of process has not occurred, the Clerk is directed to modify the docket sheet to reflect that Mr. Sessions is substituted as a defendant in place of Ms. Lynch.

1

I.   **Standard of Review.**

This Complaint is subject to the filing fee provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(b) and (g). *See, e.g.*, *In re Kissi*, 652 F.3d 39, 41 (D.D.C. 2011). The PLRA provides that prisoners who repeatedly file meritless lawsuits lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action under this section [relating to proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-cv-00807, 2008 WL 2645472 (S.D. W. Va. June 30, 2008) (Johnston, J.).

## II. Procedural History and Allegations in Amended Complaint.

Young is a federal prisoner incarcerated at the Administrative Maximum Facility located in Florence, Colorado ("ADX Florence"). In 2015, while incarcerated at ADX Florence, Young filed a previous civil action in this United States District Court, against the Bureau of Prisons ("BOP") and Matthew Mellady, its Mid-Atlantic Regional Counsel, asserting that he was wrongfully refused certain medical records and information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). *See Young v. Mellady*, No. 5:15-cv-14151 (S.D. W. Va.) (Berger, J.). Stephen M. Horn, then an Assistant United States Attorney for the Southern District of West Virginia, represented the defendants in that matter, which was ultimately dismissed pursuant to 28 U.S.C. § 1915(g), because, while incarcerated, Young has filed at least three prior civil actions in federal courts which have been dismissed as being frivolous or malicious, or for failure to state a claim upon which relief can be granted. In fact, Young has filed numerous civil actions in various federal courts around the United States that have been dismissed on these bases.

The Honorable Irene C. Berger, the presiding District Judge in *Young v. Mellady*, found:

> The Plaintiff has an apparent strategy of filing suits in district courts across the country in an effort to evade § 1915(g). Numerous courts have issued opinions informing Mr. Young that he is not permitted to proceed *in forma pauperis*. *See, e.g., In re Young*, 382 F. App'x 148, 149 (3d Cir. 2010) (applying 1915(g) and noting that "Young has worn out his welcome elsewhere); *Young v. United States*, 88 Fed. Cl. 283, 291 (2009) (counting over sixty suits initiated by the Plaintiff and stating that "Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the Prison Litigation Reform Act."); *Young v. United States*, No. 14-CV-11930, 2014 WL 2533834, at

3

*2 (E.D. Mich. June 5, 2014) (noting that the Plaintiff "was advised by federal district judges on at least three separate occasions that he was precluded from proceeding *in forma pauperis* . . . because of these prior dismissals."); *Young v. United States*, No. 2:13-CV-00833, 2013 WL 6710775, at *2 (S.D. Ohio Dec. 18, 2013), *report and recommendation adopted*, No. 2:13-CV-00833, 2014 WL 2515586 (S.D. Ohio June 4, 2014); *Young v. United States*, No. 3:14-CV-0420-B, 2014 WL 1660689, at *1 (N.D. Tex. Apr. 18, 2014).

Mem. Op. and Order, *Young v. Mellady*, No. 5:15-cv-14151, ECF No. 62 (S.D. W. Va. Sept. 2, 2016) (Berger, J.)

Judge Berger's Memorandum Opinion and Order further acknowledged that the following matters filed by Young, while incarcerated, have been dismissed as being frivolous and/or malicious: *Young v. Bureau of Prisons*, No. 1:08-cv-00182 (D. Colo.); *Young v. United States*, 1:08-cv-00226 (D. Colo.); and *Young v. No Defendants Named*, No. 1:08-cv-00413 (D. Colo.). Judge Berger further found that the Complaint in *Young v. Mellady* was also frivolous and failed to demonstrate that Young was under imminent danger in order to overcome the section 1915(g) prohibition.

In the instant matter, Young continues to pursue his frivolous claim that he has been wrongfully denied medical records pertaining to blood tests results for Hepatitis C by the BOP and the Department of Justice ("DOJ") attorneys who represent them, and further asserts that he is being wrongfully denied medical treatment at ADX Florence. Young attempts to overcome the section 1915(g) bar to proceeding without paying the $400 filing fee, in full, by contending that "his life is in danger." In his excessively-lengthy Amended Complaint, he further contends that section 1915(g) and the PLRA exhaustion requirement in 42 U.S.C. § 1997e(a) are unconstitutional, and he further complains about his medical treatment and various

4

other conditions of confinement at ADX Florence over which this Court has no jurisdiction.

## II. Discussion

From a review of the court's PACER program, and the orders cited herein, it is apparent that Young is an abusive litigant, who, while incarcerated, has filed in excess of 100 civil actions in the courts of the United States, many of which have been dismissed as being frivolous, malicious, or for failure to state a claim upon which relief can be granted. Thus, the undersigned **FINDS** that the "three strikes" rule has been satisfied with respect to Young's prior filings.

While section 1915(g) contains an exception to the filing restriction if the prisoner is under imminent danger of serious physical injury, Young has not and cannot assert that he is under imminent danger of serious physical injury with respect to conduct that occurred in this district. *See Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *LaRue v. Rubenstein*, No. 2:16-cv-05853, 2017 WL 4946415 (S.D. W. Va. Nov. 1, 2017) (imminent danger exception to three strikes rule applies only when the imminent danger forms the basis of claims properly before the reviewing court). As noted by Judge Berger in her Memorandum Opinion and Order, "allegations regarding the medical care being provided to the Plaintiff cannot properly be pursued in this district, as the Plaintiff is housed in Colorado" and "[t]he Plaintiff's attempt to sneak his filings past the strictures of 28 U.S.C. § 1915(g) is unavailing." *See* Mem. Op. and Order, *Young v. Mallady*, No. 5:15-cv-14151 (S.D. W. Va. July 11, 2016), ECF No. 62, at 3. The same is true with respect to any of Young's

allegations concerning his conditions of confinement at ADX Florence. The Colorado federal court has previously cautioned Young to "refrain from filing repetitious litigation with this Court or any other federal district court regarding issues where venue properly lies in this Court." *Young v. BOP*, No. CIVA 08CV-00182-BNB, 2008 WL 582176, at *2 (D. Colo. Mar. 3, 2008).

Any assertion of imminent danger by Young does not relate to claims over which this Court has jurisdiction or venue. Accordingly, he cannot overcome the three strikes restriction and his failure to pay the full filing fee upon filing the instant civil action requires dismissal thereof. Accordingly, it is hereby **ORDERED** that this civil action is **DISMISSED** pursuant to 28 U.S.C. § 1915(g) and that Young's Motion for Preliminary Injunction [ECF No. 30] is **DENIED**.

Young is hereby **NOTIFIED** that the continued filing of meritless and repetitive actions in this court will result in an injunction prohibiting him from filing any actions in this court without leave of court.

The Clerk is directed to file this Memorandum Opinion and Order and to mail a copy of the same to the plaintiff.

ENTER: April 25, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE